IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MASON BRYANT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   CAUSE NO. 1:18-cv-477 |
| PERFORMANCE PAINT, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Mason Bryant, for his Complaint against Defendant, Performance Paint, Inc., states the following:

### I. Parties

1. Plaintiff was a resident of Morgan County, Indiana.

2. Defendant, Performance Paint, Inc., is a business located in Hendricks County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

4. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendant doing business in this District.

### III. Factual Allegations

6. Plaintiff began working for Defendant on or about May 30, 2016.

7. Plaintiff was an hourly employee of Defendant.

8. Defendant initially agreed to pay Plaintiff $9.00 per hour.

9. Defendant gave Plaintiff a raise to $10.00 per hour during the course of his employment.

10. Defendant paid Plaintiff on a weekly basis.

11. Defendant fired Plaintiff on or about January 23, 2018.

12. Defendant deducted an hour each day from the hours worked by Plaintiff for a lunch break.

13. Plaintiff never took a lunch break.

14. Plaintiff's supervisor, Chris Shumacker, would not permit Plaintiff to take a lunch break.

15. On every other Friday, Plaintiff was required to report to Martinsville at 6:30 a.m. to ride with his supervisor to Defendant's Brownburg location.

16. Defendant failed to pay Plaintiff for his time riding from Martinsville to Brownsburg on every occasion.

17. On every Wednesday, Plaintiff was required to report to Bloomington at 7:30 a.m. to ride with his supervisor to Bedford.

18. Defendant failed to pay Plaintiff for his time riding from Bloomington to Bedford on every occasion.

19. Plaintiff complained to Mr. Shumacker about having an hour deducted from his hours worked for a non-existent lunch break on or about January 22, 2018.

20. The last day that Plaintiff worked for Defendant was the day he complained about having his hours reduced for non-existent lunch breaks.

21. Defendant fired Plaintiff for complaining about having time deducted for lunch breaks that had never been taken.

22. Defendant fired Plaintiff for complaining that Defendant was not paying him at least minimum wages for all that he worked for Defendant.

23. Defendant fired Plaintiff for complaining that he was working over 40 hours and not being paid overtime premiums for those hours.

24. Defendant failed to pay Plaintiff for all hours that he worked at his agreed upon pay rate.

25. Defendant failed to pay Plaintiff certain wages due and owing.

26. On February 8, 2018, the Attorney General's Office in conjunction with the Department of Labor referred the wage claim of Plaintiff to counsel for Plaintiff.

### III.   Cause of Action

**Count I**
**Failure to Pay Minimum & Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

27. Plaintiff incorporates paragraphs 1 through 26 by reference herein.

28. Plaintiff was an employee of Defendant pursuant to the FLSA.

29. Plaintiff's work for Defendants involved interstate commerce.

30. Defendant is an employer pursuant to the FLSA.

31. Plaintiff was an employee of Defendant pursuant to the FLSA.

32. Defendant had gross revenues of at least $500,000.00 for the 2015 calendar year.

33. Defendant had gross revenues of at least $500,000.00 for the 2016 calendar year.

34. Defendant had gross revenues of a least $500,000.00 for the 2017 calendar year.

35. Defendant failed to properly pay minimum wages for all hours that Plaintiff worked during the course of his employment with Defendant.

36. Defendant failed to properly pay overtime premiums for all overtime hours that Plaintiff worked during the course of his employment with Defendant.

37. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II
### Wage Claims Statute
### Wage Claim Statute, I.C. §22-2-9 *et. seq.*

38. Plaintiff incorporates paragraphs 1 through 37 by reference herein.

39. Defendant is an employer pursuant to the Wage Claims Statute.

40. Defendant failed to pay Plaintiff his wages due and owing in a timely fashion.

41. Plaintiff has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for actual damages, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III
### FLSA Retaliation
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

42. Plaintiff incorporates paragraphs 1 through 41 by reference herein.

43. While working for Defendant, Plaintiff complained about not being paid all hours that he worked at least at minimum wages.

44. While working for Defendant, Plaintiff complained about not being paid all overtime premiums for hours worked over 40 hours in a workweek.

45. Defendant terminated Plaintiff for complaining about not being paid in accordance with Federal law.

46. Defendant's retaliatory termination of Plaintiff violates the FLSA.

47. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, compensatory damages, special damages, punitive damages, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV. Jury Demand

48. Plaintiff incorporates paragraphs 1 through 47 by reference herein.

49. Plaintiff demands a trial by jury.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Mason Bryant

Barker Hancock & Cohron
198 South 9th Street
Noblesville, IN 46060
Tel: (317) 203-3000
E-mail: rweldy@bhclegal.com